**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Walter SINISTERRA–BANGUER, also known as Walter Banguer Sinisterra, also known as Walter Robinson Sinisterra–Banguer, also known as Walter Sinisterra Banguera, Defendant–Appellant.**

**No. 06–20113.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Walter Sinisterra–Banguer appeals from his guilty-plea conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Sinisterra–Banguer argues that the district court erred by imposing a 16–level adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for burglary of a habitation. As Sinisterra–Banguer concedes, his argument is foreclosed. *See United States v. Valdez–Maltos,* 443 F.3d 910, 911 (5th Cir.2006), *cert. denied,* 2006 WL 2094539 (U.S. Oct.2, 2006) (No. 06–5473); *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006).

Sinisterra–Banguer also challenges, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Sinisterra–Banguer's constitutional challenge to § 1326 is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that

*Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Sinisterra–Banguer properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.